**CLD-155**                                                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3921
_____

MANUEL D. PEGUERO,
                              Appellant

v.

MR. MEYER, Unicor Correctional Office; UNICOR INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 1:11-cv-01476)
District Judge:  Honorable Renée M. Bumb
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and for
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 14, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 2, 2013)
_____

OPINION
_____

PER CURIAM

        Manuel Peguero, a federal prisoner, appeals the dismissal of his complaint by the

United States District Court for the District of New Jersey.  Because the appeal does not

present a substantial question, we will summarily affirm the judgment of the District

Court. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## I.

In 2005, Peguero allegedly experienced a work-related injury while working at the

Unicor Recycling facility at FCI Fort Dix. Specifically, Peguero asserts that he worked

on a bailer machine and that other inmates were not prevented from breaking equipment

located in the room next to the bailer. According to him, the broken equipment emitted

chemical fumes that caused damage to his eyes. After he was transferred to USP

Lewisburg, he was diagnosed with glaucoma. He alleges that he did not have vision

problems before his exposure to the fumes, and he asserts that he requires future surgery

as well as treatment and medication for the rest of his life. After events that are not

relevant here, the District Court reopened Peguero's case but dismissed his complaint

without prejudice. Peguero then filed this appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291[1] and exercise

plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229

---

[1] Generally, when a district court has dismissed a complaint without prejudice, the dismissal is not appealable under 28 U.S.C. § 1291 unless the litigant cannot cure the defect or where the litigant declares an intention to stand on the complaint, whereupon the district court's order becomes final. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). Although the District Court did not explicitly consider the statute of limitations, as discussed in the text, Peguero's Eighth Amendment claim is time-barred, making the District Court's without-prejudice dismissal final. See Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1157 (3d Cir. 1986). The District Court also

2

F.3d 220, 223 (3d Cir. 2000). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

"A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). A Bivens claim, like a claim pursuant to § 1983, is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989); see also Wilson v. Garcia, 471 U.S. 261, 276 (1985). In New Jersey, personal injury claims are subject to a two-year statute of limitations. See Dique, 603 F.3d at 185; see also N.J. Stat. Ann. § 2A:14-2. Accordingly, Peguero's Eighth Amendment claim is subject to this two-year period.

---

dismissed Peguero's claim for compensation under the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126, without prejudice. Peguero is scheduled to be released in February 2014 and cannot yet initiate his claim under IACA. See 28 C.F.R. § 301.303(a) ("No more than 45 days prior to the date of an inmate's release, but no less than 15 days prior to this date, each inmate who feels that a residual physical impairment

3

While state law provides the applicable statute of limitations, federal law controls when a <u>Bivens</u> claim accrues. <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007). Accrual occurs "when the plaintiff has a complete and present cause of action." <u>Id.</u> (citations omitted) (internal quotation marks omitted). Peguero's cause of action accrued in 2005, when he was allegedly injured by the defendants' deliberate indifference to safety procedures in the Unicor Recycling facility. <u>See</u> <u>William A. Graham Co. v. Haughey</u>, 646 F.3d 138, 150 (3d Cir. 2011) (discussing accrual). Therefore, the limitations period expired approximately four years before Peguero filed his complaint in 2011.

Furthermore, we see no reason to toll the statute of limitations. Unless inconsistent with federal law, state law governs the issue of whether a limitations period should be tolled. <u>Wilson v. Garcia</u>, 471 U.S. 261, 269 (1985), <u>superseded on other grounds by</u> 28 U.S.C. § 1658; <u>Dique</u>, 603 F.3d at 185. In New Jersey, a statute of limitations may be tolled "until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, that he may have a basis for an actionable claim." <u>Dique</u>, 603 F.3d at 185 (internal quotation marks omitted). Here, Peguero's own allegations reveal that he was aware of his claim when his injury occurred in 2005. Perhaps Peguero could argue that he did not discover the basis for his claim until he was diagnosed with glaucoma in 2007; however, even if this argument entitled him to tolling, the limitations period would have expired in 2009, two years before

---

exists as a result of an industrial institution, or other work-related injury shall submit [the appropriate form].").

4

Peguero filed his complaint. Accordingly, the District Court properly dismissed his complaint for failure to state a claim.

IV.

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.[2] <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

[2] The District Court did not provide Peguero leave to amend his complaint before dismissing it. Nevertheless, we do not see how any amendment to his complaint would save his Eighth Amendment claim from being time-barred. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).